UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA J. GRASSER,<br><br>               Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. C24-0407-SKV<br><br>ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1981 and completed the eleventh grade of high school. AR 256. Her last reported earnings are dated in 2005. AR 245, 247.

On November 10, 2020, Plaintiff protectively applied for benefits, alleging disability beginning October 9, 2014. AR 237-43. Her application was denied initially and on reconsideration and, upon Plaintiff's request, the ALJ conducted a hearing, *see* AR 39-67. At the

hearing, Plaintiff amended her alleged onset date to November 10, 2020. AR 48. The ALJ thereafter issued a decision finding Plaintiff not disabled. AR 17-32.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the November 10, 2020 application date.

**Step two**: Plaintiff has the following severe impairments: dextroscoliosis/cervicalgia; post-traumatic stress disorder (PTSD); anxiety; bipolar disorder; and panic disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work with the following limitations: can sit, stand, and walk for six hours each in an eight-hour workday; can perform all postural activities without limitation, but is limited to occasionally climbing ladders, ropes, or scaffolds, and can occasionally reach overhead bilaterally; must avoid concentrated exposure to hazards such as heights and dangerous machinery; able to understand, remember, and carry out simple, routine tasks in two-hour increments; can work in the same room with coworkers, but no coordination of work activity; can work superficially and occasionally with the general public, with superficial meaning that working with the public is not the focus of the job; and can adapt to simple workplace changes as may be required for simple, routine task work.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 17-32.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-5. Plaintiff appealed the final decision of the Commissioner to this Court. Dkts. 1, 4. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred in considering the presumption of continuing nondisability from a prior ALJ decision, in determining her severe impairments, in concluding she did not

meet or equal a listing, and in assessing her RFC.[3] The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

      **A.     The ALJ Did Not Err In Considering the Presumption of Continuing Nondisability**

The doctrine of res judicata applies to administrative decisions, albeit less stringently than in judicial contexts. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (citing *Lyle v. Secretary of Health and Human Servs.*, 700 F.2d 566, 568 n. 2 (9th Cir.1983)). Where an ALJ previously found a claimant not disabled, there is a presumption the claimant remains non-disabled after the adjudicated period. Social Security Acquiescence Ruling (AR) 97-4(9), 1997 WL 742758, at *2 (Dec. 3, 1997) (discussing *Chavez*).[4] To overcome this presumption, a claimant "must prove 'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (citation omitted). Changed circumstances may include, for example, a change in age category, an increase in the severity of an impairment, an impairment not previously considered, or a change in the criteria for determining disability. AR 97-4(9), 1997 WL 742758, at *3. Further, even where the claimant rebuts the presumption by showing changed circumstances, the ALJ must continue to adopt certain findings from the prior final order "unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." *Id*.

---

[3] Plaintiff's additional assertion that the ALJ's decision is not supported by substantial evidence is derivative of her specific allegations and need not be separately addressed.

[4] AR 97-4(9) followed *Chavez* and explains that it "applies only to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the [Social Security] Act as a prior claim on which there has been a final decision by an ALJ or the Appeals Council that the claimant is not disabled." AR 97-4(9), 1997 WL 742758, at *3.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

In this case, the ALJ explained that, because a prior SSI application filed by Plaintiff resulted in a final decision of nondisability dated October 8, 2019, *see* AR 71-86, a rebuttable presumption of continuing nondisability applied to the unadjudicated period under the new SSI application. AR 17. The ALJ noted that he had provided counsel for Plaintiff the opportunity to brief the issue after the hearing, and that the brief submitted "contained no specific citations to the evidence to rebut the presumption of non-disability." AR 18. *See also* AR 373-74. The ALJ found Plaintiff failed to rebut the presumption of continuing nondisability with a showing of changed circumstances. AR 17-18. The ALJ further found there was no new and material evidence relating to the ALJ's findings and no change in the law, regulations or rulings affecting those findings, and adopted the ALJ decision regarding steps one through four of the sequential evaluation process. AR 18.

Plaintiff argues the ALJ erred in reaching these conclusions. In support, Plaintiff describes therapy and other treatment records dated after the prior ALJ decision, contends that they show a change in circumstances and new and material evidence, and asserts that the ALJ therefore should have made his own findings at steps two, three, and four.

Plaintiff fails to demonstrate error. As the Commissioner observes, the ALJ thoroughly examined and discussed the records now cited by Plaintiff in support of her contention of error. *See* AR 20-28 (finding, for example, that Plaintiff did not satisfy the criteria for a severe impairment of fibromyalgia at step two, had discontinued trigger point injections because they caused a skin rash, improved with but was discharged from physical therapy due to non-compliance, showed improvement for mood and anxiety with medication, and that records showed generally normal mental status examinations (MSEs) through July 2022). Plaintiff recounts the content of records and offers a contrary interpretation of the evidence, but does not

demonstrate that the ALJ's interpretation was not rational or show an absence of substantial evidence support for the ALJ's conclusion.

Moreover, even if Plaintiff could show the ALJ erred in finding no changed circumstances rebutting the presumption of continuing nondisability, any such error would be harmless. As noted above, the ALJ examined and considered the evidence postdating the 2019 ALJ decision in reaching his conclusions. Accordingly, any error would be "'inconsequential because it did not end or control'" the ALJ's evaluation of Plaintiff's claim. *Arnott v. O'Malley*, No. 23-15814, 2024 WL 2237720, at *1 (9th Cir. May 17, 2024) (quoting *Plummer v. Berryhill*, 747 F. App'x 631, 632 (9th Cir. 2019) ("The ALJ's decision did not rest solely on res judicata; rather, the ALJ also conducted a thorough review of the medical records and testimony to make an independent nondisability finding.")). Plaintiff does not, in sum, demonstrate harmful error in the ALJ's consideration of the presumption of continuing nondisability.

### B.     The ALJ Did Not Err at Step Two

At step two, claimants must make a threshold showing that their medically determinable impairments significantly limit their ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoted source omitted). An ALJ is required to consider the "combined effect" of an individual's impairments in considering severity. *Id.* A diagnosis alone is not sufficient to

1  establish a severe impairment.  Instead, claimants must show that their medically determinable
2  impairments are severe.  20 C.F.R. §§ 404.1521, 416.921.
3       Plaintiff first argues the ALJ erred with respect to her borderline personality disorder.
4  She notes that, at hearing, her counsel clarified he had mistakenly confused her borderline
5  personality disorder with bipolar disorder in his pre-hearing brief.  *See* AR 47-48.  She notes the
6  ALJ's failure to discuss borderline personality disorder in the decision, and asserts error in the
7  failure to determine whether she has bipolar disorder, borderline personality disorder, or both,
8  and to assess her associated limitations.
9       "Step two is merely a threshold determination meant to screen out weak claims.  It is not
10 meant to identify the impairments that should be taken into account when determining the RFC."
11 *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (internal citation to *Yuckert*, 482 U.S.
12 at 146-47).  "In fact, in assessing RFC, the adjudicator must consider limitations and restrictions
13 imposed by all of an individual's impairments, even those that are not severe."  *Id*. (cleaned up
14 and quoted source omitted).
15      In this case, the ALJ adopted the findings in the 2019 decision, wherein the ALJ noted
16 that "treating and evaluating professionals had differed with regard to the appropriate psychiatric
17 diagnosis" for plaintiff, and explained that the ALJ addressed all limitations alleged or opined in
18 relation to, "no matter the diagnostic label."  AR 73.  Plaintiff here notes the inclusion of
19 diagnoses for both borderline personality disorder and bipolar disorder, but does not identify any
20 additional mental limitations attributed to borderline personality disorder that were not already
21 considered in relation to the severe impairments of PTSD, anxiety, bipolar disorder, and panic
22 disorder.  Plaintiff thus fails to demonstrate harmful error in the ALJ's failure to address and
23 discuss a different diagnostic label at step two.  *See, e.g.*, *Jennie M. v. Comm'r of Soc. Sec.*, C20-

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

1661-BAT, 2021 WL 3525159, at *1-2 (W.D. Wash. Aug. 11, 2021) (finding no harmful error given the failure to show the ALJ "ignored any particular symptoms or limitations caused by diagnoses not included at step two"); *Stacy S. v. Comm'r of Soc. Sec.*, C20-346-BAT, 2020 WL 5988493, at *2 (W.D. Wash. Oct. 9, 2020) (same).

Plaintiff also asserts error in relation to fibromyalgia. Specifically, Plaintiff argues the ALJ erred in finding her fibromyalgia did not satisfy the criteria of Social Security Ruling (SSR) 12-2p, "as there are no tender point findings or exclusion of other causes for the claimant's pain[,]" and in concluding fibromyalgia was not a medically determinable impairment based on the absence of objective evidence. AR 21.

Fibromyalgia may be established as a medically determinable impairment where the record contains (1) a diagnosis by a licensed physician; (2) evidence satisfying one of two sets of diagnostic criteria, one of which requires at least eleven out of eighteen positive tender points and the other of which requires a showing of a "history of widespread pain" and repeated manifestations of at least six fibromyalgia symptoms, signs, or co-occurring conditions; and (3) evidence that other disorders that could cause the symptoms, signs, or co-occurring conditions were excluded. SSR 12-2p. In asserting error, Plaintiff notes her reporting of symptoms associated with fibromyalgia, the evidence she was diagnosed with fibromyalgia, and evidence showing she received multiple injections and was found to have diffuse tenderness over and between her joints on examination. *See* Dkt. 9 at 10 (citing AR 59, 107, 1269, 1277, 1379). Plaintiff does not, however, identify evidence showing eleven positive tender points on examination, repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions in addition to widespread pain, or evidence showing other disorders were ruled out. Nor does Plaintiff identify any specific additional fibromyalgia-related limitations she

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

contends should have been included in the RFC.  Plaintiff, for this reason and for the reason stated above, fails to identify harmful error at step two.

C. **The ALJ Did Not Err at Step Three**

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations.  20 C.F.R. Pt. 404, Subpt. P, App. 1 ("the Listings").  The Listings define impairments that would preclude a claimant "from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted).

Plaintiff bears the burden of proof at step three.  *Yuckert*, 482 U.S. at 146 n.5.  A mere diagnosis does not suffice.  *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).  To meet a listing, an impairment must meet all specified medical criteria for that listing, and, to establish equivalency, a claimant "must present medical findings equal in severity to *all* the criteria" for the listing.  *Sullivan*, 493 U.S. at 530-31 (emphasis in original).  *See also Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999) (to equal a listing, a claimant "must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]")

Plaintiff argues the ALJ erred in concluding that her mental impairments did not satisfy the "paragraph B" criteria to meet or equal Listings 12.04 (Depressive, bipolar and related disorders), 12.06 (Anxiety and obsessive compulsive disorders), or 12.15 (Trauma- and stressor-related disorders).[5]  To satisfy the paragraph B criteria, a claimant must show her impairments result in two "marked" or one "extreme" limitation in the following areas of mental functioning:

---

[5] To meet or equal these listings, a claimant must satisfy the diagnostic criteria of paragraph A and either the paragraph B or paragraph C criteria.  *See* 20 C.F.R., pt. 404, Subpart P, Appendix 1, § 12.00A.  The parties do not here dispute the findings as to either paragraph A or paragraph C.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

(1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00E, 12.04, 12.06, 12.15.

In concluding Plaintiff's mental impairments did not meet or medically equal the criteria for Listings 12.04, 12.06, or 12.15, the ALJ found moderate limitations in each domain of mental functioning. AR 22-24. The ALJ explained: (1) Plaintiff indicated her engagement in a variety of activities of daily living that required her ability to function in each of the relevant areas of mental functioning, including caring for her pet, preparing light meals, doing laundry and light cleaning, shopping in stores, handling finances, reading, watching movies, living with a roommate, and socializing over phone and by text; (2) longitudinal MSEs noted she had some deficits in mood, but intact impaired memory, logical thought processes, normal speech, was attentive to interview, and was oriented to person, place, and time; and (3) State agency consultants Drs. Renee Eisenhauer and Eugene Kester both opined she had moderate limitation in these categories. *Id*.

In asserting error, Plaintiff points to her own testimony and reporting as to her symptoms and impairment in functioning, and to a statement provided by her roommate. *See* Dkt. 9 at 12-13 (citing AR 22-23, 57-58, 61-62, 97, 108, 278-82, 326, 328, 1237). However, the ALJ discounted Plaintiff's subjective symptom testimony and the lay testimony of her roommate for reasons Plaintiff does not directly challenge. *See* AR 26-29 (noting, *inter alia*, MSEs generally within normal limits, reported improvement with medication, unchanged MSEs even when she was unable to take her medications, and the ability to perform a wide array of activities despite impairments in concluding that the longitudinal evidence of record did not support Plaintiff's allegations as to the intensity, persistence, and limiting effects of her symptoms; finding function

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10

report completed by lay witness reflected Plaintiff's ability to perform a wide array of activities despite her impairments, and the level of activity not consistent with Plaintiff's reported limitations and level of symptomatology, and not consistent with or supported by the medical evidence, including "rather mild and minimal findings on imaging and limited findings with respect to any clinical examinations[,]" and generally routine and conservative treatment). Plaintiff's mere recounting of her subjective symptom reporting and the lay testimony does not suffice to demonstrate error in either the ALJ's assessment of that evidence, or in relation to the ALJ's conclusion at step three.  *See generally Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity) (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (the court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief")).

In addition, and as with her symptom reporting and the lay testimony, Plaintiff does not assign error to the ALJ's consideration of the medical opinion evidence of record.  The medical opinion evidence would not, moreover, support a different conclusion at step three.  As the ALJ observed, the only medical opinion assessing any more than moderate limitations in mental functioning, from consultative examiner Dan Neims, Psy.D., was offered in March 2014, a time "significantly predat[ing]" the November 2020 amended onset date of disability, was not supported by Plaintiff's "current treatment records showing some deficits in mood, but longitudinal [MSEs] otherwise within normal limits[,]" and was not consistent with the more recent opinions of Drs. Eisenhauer and Kester.  AR 30-31 (citing AR 375-80 (Dr. Neims' March 11, 2014 Medical Source Statement), AR 2541-2752 (treatment records dated between March

2020 and July 2022), and AR 95-115 (opinions of State agency physicians)). Plaintiff, for this reason and for the reasons stated above, fails to demonstrate error at step three.

### D. The ALJ Did Not Err in Assessing Plaintiff's RFC

RFC is the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. § 416.945(a)(1). The "final responsibility" for deciding issues such as an individual's RFC "is reserved to the Commissioner." 20 C.F.R. §§ 416.927(d)(2), 416.946(c).

Plaintiff asserts the ALJ erred in failing to include several exertional and nonexertional limitations in the RFC. However, she does not support this contention. Plaintiff offers a summary of evidence purportedly supporting the existence of additional or greater limitations, without citing to any specific medical evidence of record. *See* Dkt. 9 at 16 (citing AR 370 (page of pre-hearing brief submitted to ALJ and containing similar summary of evidence)). She also misconstrues a summary of her reported symptoms as reflecting a medical opinion of her limitations. *Compare* Dkt. 9 at 16 (stating that Dr. Eisenhauer, who opined as to Plaintiff's mental limitations, found she could only walk for ten-to-fifteen minutes before needing to rest and had "'bad balance'"), *with* AR 97, 99 (State agency physician description of Plaintiff's reporting of her activities of daily living) and AR 296 (Plaintiff's function reports as described by State agency physician). Nor, as stated above, does Plaintiff assign any error to the ALJ's assessment of the medical opinion evidence. Plaintiff, finally, points to her testimony at hearing, but does not specifically assign or otherwise demonstrate error in relation to the ALJ's assessment of that testimony. *See* Dkt. 9 at 16-17 (citing AR 25, 55-63). Plaintiff, in so doing, fails to demonstrate error in the ALJ's assessment of her RFC.

/ / /

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 7th day of January, 2025.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge